UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY DONALD RUTLEDGE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-963-JD-AZ |
| KOBIE STOPPENHAGEN, et al., | |
| Defendants. | |

OPINION AND ORDER

Terry Donald Rutledge, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Rutledge is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

FACTS

Rutledge is currently an inmate at Westville Correctional Facility. In March 2024, when he was incarcerated at Miami Correctional Facility ("MCF"), he tried to commit

suicide by overdosing on pills and setting himself on fire. He lost consciousness and awoke to find Nurse Kobie Stoppenhagen in his cell. She took his vital signs and told him his heart rate was "out of control." He told her that he had taken a number of pills. She told correctional officers to put him in the shower and that he needed to be monitored. He could not walk so the officers picked him and dragged him to the shower. He lost consciousness again in the shower, and when he awoke Nurse Stoppenhagen was there. He asked her again to send him to the hospital, and some officers present also suggested that he should go to the hospital. Nurse Stoppenhagen was annoyed and angry, however, and made rude comments like, "if he dies he dies obviously that's what he wants."

He was put back in his cell by the officers. He then used a piece of cloth in his cell to "pretend that [he] was making a noose" and climbed up on his sink. Officer B. Crawford told him to get down. He made additional requests to Officer Crawford and to Sergeant V. St. Clair to send him to the hospital, but they allegedly mocked him, told him he had created the problem, and ignored his requests for care. He later vomited a "blue sludge" and Nurse Stoppenhagen was called back to his cell. However, she left without taking any action. He then climbed up on his sink again and Officer Crawford sprayed him with mace. Other officers came and took him for a decontamination shower. He collapsed several times during this process and in one of the falls injured his head.

Nurse Stoppenhagen came to the shower and he asked her again to send him to the hospital. She allegedly told him he could not go because they had already sent two

inmates to the hospital that night and Nurse Supervisor Kimberly Myers was concerned about the costs. While in the shower he repeated his requests to Officer Crawford, Sergeant St. Clair, and Officer A. Johnson to go to the hospital. They allegedly ignored him, laughed at him, and made callous comments such as that he "did this" to himself. He tried to hang himself again with the shower curtain. Officer Crawford and Sergeant St. Clair both sprayed him with mace and "walked off laughing." He lost consciousness again and woke up the next day in his cell. A nurse who brought him his medication told him she had tried to see him a day earlier but was told he was refusing medical treatment, which he claims is not true. Based on these events he sues Nurse Stoppenhagen, Nurse Supervisor Myers, Sergeant St. Clair, Officer Johnson, and Officer Crawford for money damages.

## ANALYSIS

He first states that he is suing Officer Crawford and Sergeant St. Clair for excessive force. (ECF 1 at 9.) Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Giving Rutledge the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against the officers. He claims he was vulnerable,

3

confused, and in pain after trying to commit suicide and the officers responded by spraying him with mace. The complaint can be read to allege that they did so not to restore order, but to cause him further pain and/or taunt him. He has alleged enough to proceed on an excessive force claim against the officers.

He also states that he is suing all five defendants for deliberate indifference to a serious medical need. (ECF 1 at 9.) The Eighth Amendment entitles inmates to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Giving Rutledge the inferences to which he is entitled, he alleges a plausible denial of medical care claim against the defendants. Specifically, he claims he was suffering ill effects from overdosing on pills, setting himself on fire, and injuring his head. He repeatedly requested to be taken to the hospital but the three officers and Nurse Stoppenhagen were rude and dismissive of his medical problems. Nurse

4

Supervisor Myers allegedly made a decision that he should not go to the hospital solely because she was worried about the cost. He claims he suffered liver damage and other problems because of the lack of care. He will be permitted to proceed further on a claim for the denial of medical care against the defendants.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant V. St. Clair and Officer B. Crawford in their personal capacity for monetary damages for using excessive force against him in violation of the Eighth Amendment by spraying him with mace after he attempted suicide in March 2024;

(2) GRANTS the plaintiff leave to proceed against Nurse Kobie Stoppenhagen, Sergeant V. St. Clair, Officer A. Johnson, Officer B. Crawford, and Nurse Supervisor Kimberly Myers in their personal capacity for monetary damages for denying him medical care in violation of the Eighth Amendment after he tried to commit suicide and injured his head in March 2024;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant V. St. Clair, Officer A. Johnson, and Officer B. Crawford at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

Nurse Kobie Stoppenhagen and Nurse Supervisor Kimberly Myers at Centurion Health and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction and Centurion Health to provide the U.S. Marshals with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(7) ORDERS Nurse Kobie Stoppenhagen, Sergeant V. St. Clair, Officer A. Johnson, Officer B. Crawford, and Nurse Supervisor Kimberly Myers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this order.

SO ORDERED on January 2, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT