UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY DONALD RUTLEDGE, a/k/a
TORI ELISE RUTLEDGE,

Plaintiff,

v.                                          CAUSE NO. 3:24-CV-963-JD-AZ

KOBIE STOPPENHAGEN, et al.,

Defendants.

OPINION AND ORDER

Terry Donald Rutledge a/k/a Tori Elise Rutledge, a prisoner without a lawyer, is

proceeding in this case on two claims. First, she is proceeding against Sergeant Valaree

St. Clair and Officer Bailey Crawford in their personal capacity for monetary damages

for using excessive force against her in violation of the Eighth Amendment by spraying

her with mace after she attempted suicide in April 2024.[1] ECF 5 at 5. Second, she is

proceeding against Nurse Kobie Stoppenhagen, Sgt. St. Clair, Officer Crawford, Officer

Andrew Johnson, and Nurse Supervisor Kimberly Myers in their personal capacity for

monetary damages for denying her medical care in violation of the Eighth Amendment

after she tried to commit suicide and injured her head in April 2024. *Id.* The defendants

filed a joint motion for summary judgment, arguing Rutledge did not exhaust her

administrative remedies before filing this lawsuit. ECF 28. Rutledge filed a response,

---

[1] Rutledge's complaint indicated this incident occurred in March 2024, but the parties now agree
it occurred in April 2024.

and the defendants filed a reply. ECF 33, 34, 36. The defendants' motion for summary judgment is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The parties provide evidence showing the following facts: During all relevant times, an Offender Grievance Process was in place at Miami Correctional Facility ("MCF") which required Rutledge to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 28-1 at 2; ECF 28-2 at 3. To complete the first step, Rutledge needed to "submit a completed State Form 45471, 'Offender Grievance,' no later than ten (10) business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist." ECF 28-2 at 9.

On May 6, 2024, Rutledge submitted two grievances at MCF related to her claims in this lawsuit ("May 6 grievances"). ECF 34 at 3; ECF 33-2 at 3, 5. The Grievance Specialist attests the grievance office never received either of Rutledge's May 6

grievances. ECF 28-1 at 6. On May 7, Rutledge was transferred from MCF to Westville Correctional Facility ("WCF"). ECF 34 at 3. On May 10, 2024, Rutledge submitted two additional grievances at WCF and requested that they be forwarded to MCF ("May 10 grievances"). ECF 34 at 3; ECF 28-4 at 3, 6. In the first May 10 grievance, Rutledge complained that on April 25, 2024, Sgt. St. Clair encouraged her to commit suicide, maced her, and denied her medical care. *Id.* at 3. In the second May 10 grievance, Rutledge complained that later that night on April 25, 2024, a correctional officer maced her after she attempted suicide and both correctional staff and nursing staff denied her medical care. *Id.* at 6. On June 11, 2024, MCF's grievance office received both of Rutledge's May 10 grievances and rejected them both as untimely, stating: "Your date of incident was 4-26-24 which would allow you until 5-10-24. You did not file this until 6-11-24 which is out of time frame." *Id.* at 2, 5.

Here, the undisputed evidence shows MCF's grievance office made Rutledge's administrative remedies unavailable by improperly rejecting her May 10 grievances as untimely. As noted, the Offender Grievance Process provides that an inmate must "submit" a completed grievance form within ten business days of the incident complained of. ECF 28-2 at 9. Rutledge dated both of her May 10 grievances "5-10-24" and asserts she submitted them to the grievance office on May 10, 2024. ECF 34 at 3. The grievance office received both of these grievances on June 11, 2024, and rejected them because they were *received* more than ten business days after the April 25, 2024, incident. ECF 28-4 at 2, 5. This was not a valid basis for rejecting the grievances, as the Offender Grievance Process only required Rutledge to "submit" her grievances to the

4

grievance office within ten business days. *See* ECF 28-2 at 9. Therefore, because the state defendants do not dispute that Rutledge submitted these grievances to the grievance office on May 10, 2024, the fact that the grievances were not received by the grievance office until June 11, 2024, was not a valid basis for rejecting these grievances. Improperly rejecting these grievances made Rutledge's administrative remedies unavailable. *See Dole*, 438 F.3d at 809 ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance").

The defendants also argue Rutledge's May 10 grievances did not exhaust her claims in this lawsuit because the allegations in her grievances were not sufficiently related to her claims in this lawsuit. ECF 29 at 8. The purpose of a grievance is to alert prison officials to a problem so that action can be taken to remedy the problem. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011); *see also Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (holding that a prisoner satisfies the exhaustion requirement by giving prison officials "notice of, and an opportunity to correct, a problem"). Thus, an inmate's grievance is sufficient to exhaust a claim if it raises the same claim as the lawsuit and provides enough information to indicate that the defendant is the target. *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023). An inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint." *Bowers v. Dart*, 1 F.4th 513, 517 (7th Cir. 2021).

Here, Rutledge is proceeding in this case (1) against Sgt. St. Clair and Officer Crawford for using excessive force against her by spraying her with mace after she attempted suicide, and (2) against Nurse Stoppenhagen, Sgt. St. Clair, Officer Johnson,

Officer Crawford, and Nurse Meyers for denying her medical care after she attempted suicide and injured her head. Rutledge's May 10 grievances easily put the prison on notice of both of these claims, as Rutledge alleged in these grievances that Sgt. St. Clair and another correctional officer maced her and that both nursing staff and correctional staff denied her medical care after she attempted suicide. ECF 28-4 at 3, 6. Because Rutledge's May 10 grievances gave MCF notice of, and an opportunity to correct, her allegations that she was denied medical care and subjected to excessive force on April 25, Rutledge can rely on these grievances to show she exhausted her claims in this lawsuit.

Accordingly, the undisputed facts show the grievance office made Rutledge's administrative remedies unavailable by improperly rejecting her May 10 grievances as untimely. Because the state defendants have not met their burden to show Rutledge had available administrative remedies she did not exhaust before filing this lawsuit, their motion for summary judgment must be denied.[2]

For these reasons, the court DENIES the defendants' joint motion for summary judgment (ECF 28) and DENIES AS MOOT Rutledge's motion for a status update on the summary judgment motion (ECF 38).

---

[2] There is also a genuine dispute regarding whether the grievance office made Rutledge's administrative remedies unavailable by failing to respond to her May 6 grievances and her subsequent written "Grievance Notice." *See* ECF 33-2 at 3-5. Resolving this dispute would likely require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). But because the court concludes the grievance office made Rutledge's administrative remedies unavailable by improperly rejecting her May 10 grievances, any dispute over Rutledge's May 6 grievances is not material and no hearing is necessary.

SO ORDERED on February 23, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT